3/15/2021 5:07 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 51489839
By: Adiliani Solis
Filed: 3/15/2021 5:07 PM

CAUSE NO. _____

| | | |
|---|---|---|
| DANIEL ABRIL, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| | § | |
| V. | § | OF HARRIS COUNTY, TEXAS |
| | § | |
| IMPULSE 713 LLC D/B/A GRAVITY | § | |
| MIDTOWN and JON GRIFFITHS | § | |
| Defendants. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION & REQUESTS FOR DISCLOSURE

Plaintiff Daniel Abril ("Plaintiff") files this Original Petition & Requests for Disclosure complaining of Defendants **Impulse 713 LLC d/b/a Gravity Midtown** and **Jon Griffiths**, ("Defendants"), and would respectfully show this Honorable Court and jury as follows:

### I. DISCOVERY CONTROL PLAN

**1.1**　Pursuant to Rule 190.3 of the Texas Rules of Civil Procedure, Plaintiff alleges that discovery in this case should be conducted under Level 2.

### II. PARTIES

**2.1**　Plaintiff **Daniel Abril** resides in Miami, Florida.  The last three digits of Plaintiff's social security number are 042, and the last three numbers of his Florida driver's license are 560.

**2.2**　Defendant **Jon Griffiths** can be served with process at 20007 Forest Dr., Spring, TX 77388-4529 or wherever he may be found.

**2.3**　Defendant **Impulse 713 LLC d/b/a Gravity Midtown** (hereinafter referred to as "Gravity"), is a foreign limited liability company authorized to do business in the State of Texas. Process should be served on Defendant by serving its registered agent, Jon Griffiths at 20007 Forest Drive, Spring, TX 77388.

**EXHIBIT B-1**

### III. JURISDICTION AND VENUE

**3.1**     Venue is proper and maintainable in Harris County, Texas, under §15.002(a)(1) of the Texas Civil Practice & Remedies Code because all or a substantial part of the events or omissions giving rise to the claims made the basis of this lawsuit occurred in Harris County, Texas.

**3.2**     This Court has jurisdiction in this cause since the Plaintiff's damages exceed the minimum jurisdictional limits of this Court.

### IV. MISNOMER/ALTER EGO

**4.1**     In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer" and/or such parties are/were "alter egos" of parties named herein.   Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

### VI. FACTS

**5.1**     On or about March 16, 2019, Plaintiff and his friends were at Defendants' nightclub called, "Gravity", located at 2401 Main St., Ste 200, Houston, TX 77002. During the beginning of Plaintiff's evening at Gravity, Defendants' employed security guard, who goes by the name "Cujo" and whose real name is unknown, approached Plaintiff, shined a flashlight in his face, and asked him to pick up a shirt which had fallen from the table where Plaintiff and his friends gathered. Plaintiff informed the security guard the shirt should be kept at the table in case the shirt's owner came looking for it. The security guard ignored Plaintiff and further instructed Plaintiff to throw the shirt away. Moments later Plaintiff's friend informed Plaintiff the shirt he had thrown away belonged to Plaintiff's friend. Plaintiff retrieved the shirt from the garbage can into which he was instructed to throw the shirt, while the security guard looked on. Later in the

2

evening Plaintiff was at the bar ordering a drink, when the security guard approached Plaintiff again and asked Plaintiff a question. Before Plaintiff could answer, the security guard forcefully struck Plaintiff in the face twice. The impact of the security guard's punch caused Plaintiff to fall to the ground, where he laid temporarily without sight and in a state of pure shock, as he tried to understand what just occurred. After a few moments, Plaintiff attempted to stand up from the floor when the security guard threw him back down. Eventually, with the assistance of his friends, Plaintiff was able to get up and attempted to file a complaint with the managers and/or employees at Gravity. In a state of severe pain, Plaintiff tried to notify the two male employees what just occurred, but was immediately told to leave before things got worse for him and his friends.  The employees at Gravity did not accept Plaintiff's request to file a complaint.  Instead, they intimidated Plaintiff and his friends, aggressively telling them to leave their premises. Plaintiff's injuries were so severe he immediately went to the ER after leaving Gravity. Nothing Plaintiff did or failed to do in any way contributed to his injuries.  Plaintiff's severe and life-altering injuries were due to Defendants' negligence.

5.2     Plaintiff specifically invokes his right to institute against whatever entity was conducting business under the assumed or common names of **"Impulse 713 LLC"** "**Impulse 713 LLC d/b/a Gravity**" and/or "**Gravity Midtown**" with regard to the events described in this Petition.  Plaintiff expressly invokes his right under Rule 28 of the Texas Rules of Civil Procedure to have the true name of this party substituted at a later time upon the motion of any party or of the Court.

5.3     Defendants knew or should have known of the unreasonably dangerous conditions created by their actions and/or omissions, and those conditions were the proximate cause of the incident made basis of this suit.

3

## VI. GROSS NEGLIGENCE OF DEFENDANTS

**6.1**     Plaintiff adopts by reference each and every paragraph of the Statement of Facts applicable to all counts of this Petition, and each and every count of this Petition as if fully copied and set forth at length herein.

**6.2**     Plaintiff alleges that, these acts and omissions, when viewed from the standpoint of Defendants, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others. Defendants had actual, subjective awareness of the risks of its conduct, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

**6.3**     The willful acts, omissions, or both, of Defendants constituting gross negligence include one or more of the following, among others:

        A.     In failing to provide proper supervision;

        B.     In failing to ensure the security guard had proper training;

        C.     Failing to monitor their employees;

        D.     In failing to provide adequate safety procedures;

        E.     In failing to train its employees about first aid;

        F.     Participating in and contributing to acts that caused the incident in question;

        G.     In failing to properly screen, hire, supervise and train employees;

        H.     Creating a hazard and endangering the lives of others;

        I.     In creating a hazard to others;

        J.     In committing an assault; and

        K.     In more particularity to be shown at trial.

4

6.4     Defendants knew of the above risks, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of the public in general, and Plaintiff specifically.

6.5     In addition to the foregoing, the conduct of Defendants were of such a character and degree as to constitute gross negligence; and involved such an entire want of care that would raise a belief that the acts and/or omissions complained of were the result of conscious indifference to the rights, welfare, and safety of Plaintiff.

6.6     Plaintiff seeks exemplary damages caused by the gross negligence of Defendants relating to Plaintiff's claims and allegations listed herein.

6.7     Plaintiff's damages resulted from the gross negligence of Defendants which entitles Plaintiff to exemplary damages under Texas Civil Practice & Remedies Code § 41.003(a).

6.8     Plaintiff intends to show that the factors a jury may consider in determining the amount of exemplary damages which should be awarded include:

A.      the nature of the wrong committed by Defendants;

B.      the character of Defendants' conduct;

C.      the degree of culpability of Defendants;

D.      the situation and sensibilities of the parties concerned; and

E.      the extent to which Defendants' conduct offends a public sense of justice and propriety.

6.9     Plaintiff further alleges the injuries and damages sustained by Plaintiff in the incident in question were caused by the gross negligence of Defendants acting by and through its employees, agents, drivers, officers, and representatives in the course of employment for said Defendants.

**6.10**    As such, Defendants are grossly negligent and should be subjected to exemplary damages.

## VII. <u>NEGLIGENCE OF DEFENDANTS</u>

**7.1**    Defendants owed a legal duty to Plaintiff.  Specifically, Defendants owed a duty to exercise reasonable care in keeping others safe, hiring, training, and supervising its employees.

**7.2**    Defendants breached the duty owed to Plaintiff by failing to properly care for others, hire, train, and supervise its employee.  Defendants were negligent on the occasion in question and proximately caused Plaintiff's injuries by:

    A.    In failing to provide proper supervision;

    B.    In failing to ensure the security guard had proper training;

    C.    Failing to monitor their employees;

    D.    In failing to provide adequate safety procedures;

    E.    In failing to train its employees about first aid;

    F.    Participating in and contributing to acts that caused the incident in question;

    G.    In failing to properly screen, hire, supervise and train employees;

    H.    Creating a hazard and endangering the lives of others;

    I.    In creating a hazard to others;

    J.    In committing an assault; and

    K.    In more particularity to be shown at trial.

**7.3**     Each and all of the above and foregoing constitute negligence, either singularly or in combination, and were all a proximate cause of the incident in question and the resulting injuries and damages to Plaintiff.

**7.4**     Nothing Plaintiff did or failed to do was a proximate or contributing cause of the incident made the basis of this suit.

**7.5**     All conditions precedent to Plaintiff's cause of action have been performed or have occurred.

## VIII. <u>TOTAL DAMAGES</u>

**8.1**     As a result of the incident made the basis of this lawsuit, Plaintiff at this time is seeking monetary relief of $1,000,000.00 or less, at this time and a demand for judgment for all other relief to which the Plaintiff is entitled; however, Plaintiff reserves the right to file an amended pleading on this issue.

## IX. <u>DAMAGES</u>

**9.1**     Plaintiff **Daniel Abril** has suffered damages in the form of physical pain and injury, mental and emotional anguish, pain and suffering in the past, pain and suffering in the future, past and future earning capacity and economic loss, past and future physical impairment, disfigurement, and past and future lost wages.   Plaintiff sustained reasonable and necessary past and future medical bills and expenses, and he will, in all reasonable probability, continue to sustain such legal elements of damages in the future beyond the date of the trial of this cause.

**9.2**     Therefore, Plaintiff maintains this suit against Defendants for each of his foregoing legal elements of damages in a just and reasonable sum within the jurisdictional limits of this Honorable Court, to be determined under the sound discretion of the trier of fact or jury.

## X.  PRE-JUDGMENT AND POST-JUDGMENT INTEREST

10.1    In addition to the above mentioned and foregoing allegations, Plaintiff further pleads that he is entitled to pre-judgment and post-judgment interest at the highest rate allowed by law.

## XI. RESERVE THE RIGHT TO AMEND & SUPPLEMENT

11.1    These allegations against Defendants are made acknowledging that investigation and discovery, although undertaken, are continuing in this matter.  As further investigation and discovery are conducted, additional facts will surely be uncovered that may and probably will necessitate further, additional, and/or different allegations, including the potential of adding parties to and/or dismissing parties from the case.   The right to do so is, under Texas law, expressly reserved.

## XII. COURT COSTS

12.1    Plaintiff further seeks recovery of the costs of court incurred in the filing and pendency of this action.

## XII. PRESERVING EVIDENCE

13.1    Plaintiffs hereby request and demand that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit or the damages resulting there from, including statements, photographs, videotapes, audiotapes, surveillance or security tapes or information, business or medical records, incident reports, tenant files, periodic reports, financial statements, bills, telephone call slips or records, estimates, invoices, checks, measurements, correspondence, facsimiles, email, voicemail, text messages, any evidence involving the incident in question, and any electronic images or information related

to the referenced incident or damages.  Failure to maintain such items will constitute "spoliation" of the evidence.

## XIV. <u>DISCOVERY REQUESTS</u>

**14.1**    Pursuant to Rule 194.1 et seq. of the Texas Rules of Civil Procedure, Plaintiffs hereby requests Defendants to disclose the information or material described in Rule 194.2(a) through Rule 194.2(l) of the Texas Rules of Civil Procedure.  Defendants have 50 days from the date of service.

## XV. <u>ALTERNATIVE PARAGRAPH NO. 1</u>

**15.1**    In the alternative, Plaintiff would show that if any injury and/or condition from which he currently suffers was pre-existing, then such condition was aggravated and/or exacerbated by the negligence of the Defendants herein.

## XVI. <u>ALTERNATIVE PARAGRAPH NO. 2</u>

**16.1**    In the alternative, Plaintiff would show that if he suffers from any subsequent injury and/or condition, then such injury and/or condition was aggravated and/or exacerbated by the negligence of the Defendants herein.

## <u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Plaintiff **Daniel Abril** prays that the Defendants be cited in terms of law to appear and answer herein and that upon final trial and hearing hereof, that Plaintiff recover damages from Defendants, jointly and severally, in accordance with the evidence, and as the jury deem them deserving, that Plaintiff recover costs of court herein expended, that Plaintiff recover interest to which he is justly entitled under the law, both pre-judgment and post-judgment interest from the date of the entry until paid, and for

such other further relief, both general and special, both in law and in equity, to which Plaintiff

may be justly entitled.

Dated: March 15, 2021                          Respectfully submitted,


**HINOJOSA LAW, PLLC**

By:
     Richard A. Hinojosa
     State Bar No. 24068885
     3904 Brandt Street
     Houston TX 77006
     (713) 884-1663 Telephone
     (713) 422-2493 Facsimile
     richardhinojosa@hinojosalaw.com
     e-service@hinojosalaw.com
**ATTORNEY FOR PLAINTIFF**